# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# CASE NO. 5:19-CV-495

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) |
| C9SS, INC. f/k/a CLOUD 9 VAPOR, LLC, and ALANNA BRIDGERS, | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Evanston Insurance Company ("Evanston") states as follows for its Complaint for Declaratory Judgment against C9SS, Inc. ("C9SS"), formerly known as Cloud 9 Vapor, LLC ("Cloud 9") and Alanna Bridgers ("Bridgers"):

## NATURE OF THE ACTION

1. Evanston brings this action to obtain a declaration that it has no obligation to defend or indemnify C9SS against a lawsuit brought by Bridgers, which asserts that she sustained bodily injuries when allegedly defective batteries sold by C9SS exploded in a vaping device in her lap. The insurance policy Evanston issued to Bridgers expressly excludes coverage for claims of bodily injury arising out of products sold by C9SS.

## THE PARTIES

2. Evanston is an Illinois corporation with its principal place of business in Illinois.

3. On information and belief, C9SS is a North Carolina corporation with its principal place of business in North Carolina.

4. On information and belief, C9SS was formerly known as Cloud 9 and is liable for the acts or omissions of Cloud 9. Cloud 9 was a North Carolina limited liability company with its principal place of business in North Carolina.

5. On information and belief, Bridgers is a resident of North Carolina. As a plaintiff in the underlying lawsuit at issue, Bridgers has an interest in the outcome of this lawsuit. Evanston seeks no affirmative relief from Bridgers other than to bind her to the outcome of this insurance coverage dispute.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 2201 because it presents an actual controversy seeking a declaration of rights regarding duties and obligations under the insurance policy Evanston issued to C9SS.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this district.

## FACTUAL BACKGROUND

I. **Bridgers' Injuries Arise from the Sale of Products.**

9. On August 6, 2019, Bridgers filed her Complaint against Cloud 9 in the Wake County, North Carolina, Superior Court Division, captioned *Alanna Bridgers v. Cloud 9 Vapor, LLC*, case number 19-CVS-10681 (the "Underlying Action"), a true and accurate copy of which is attached hereto as Exhibit A.

10. In the Complaint, Bridgers describes Cloud 9 as a "seller" under North Carolina products liability law, N.C. Gen .Stat. § 99B-1.

11. Bridgers alleges that in late 2016 or early 2017, she purchased an e-cigarette vaping device known as a "Smok mod" and two batteries from a vape store in Clayton, North Carolina.

12. Bridgers further alleges that after purchasing these components, she moved from her apartment without having used the Smok mod or batteries.

13. According to Bridgers, in February 2018, she first attempted to use the Smok mod and batteries, but they did not operate.

14. Consequently, Bridgers asserts that on February 25, 2018, she took the Smok mod and two batteries to Cloud 9.

15. Bridgers details further that on February 25, 2018, a Cloud 9 salesperson named "Melvin" examined her batteries and tested them. Melvin allegedly concluded that one of the batteries was dead and would not hold a charge.

16. Bridgers alleges that Melvin recommended that she purchase two "LG HG2 batteries" (the "Batteries") for use in the Smok mod, which Bridgers then purchased based on his advice.

17. According to Bridgers, the Batteries did not come in a package. Bridgers further asserts that the Batteries were sold after being removed from their packaging by the agents, employees, or representatives of Cloud 9.

18. In addition, Bridgers alleges that Cloud 9 did not provide her any verbal or written warnings, instructions, or other caution when she purchased the Batteries.

19. Bridgers asserts further that Cloud 9 knew, or should have known, that the Batteries were not intended for use in vaping devices.

20. Bridgers alleges that Cloud 9 sold the Batteries despite knowing that they were not intended for use in vaping devices.

21. Bridgers also alleges that Cloud 9 mishandled, tampered with, or otherwise damaged the Batteries in a manner making them likely to short-circuit, dramatically heat, and/or explode during normal or foreseeable use.

22. Bridgers further alleges that the Batteries were inherently dangerous, unsafe, and/or defective in a number of ways. She sets forth in her complaint the following defects:

   a. The Subject Batteries failed to incorporate protection circuitry or other safety devices to protect against short circuit failure;

   b. The Subject Batteries were subject to thermal runaway and explosion when used with an e-cigarette apparatus despite normal, foreseeable use;

   c. The Subject Batteries had no over-current protection, making them unreasonably likely to explode during normal, foreseeable use;

   d. The Subject Batteries had no thermal protection, making them unreasonably likely to catch fire and explode during normal, foreseeable use;

   e. The Subject Batteries had no safeguard to prevent unintended contact with the interior of the e-cigarette (or "mod") creating a significant risk of external short circuit battery failure;

   f. The Subject Batteries had no safeguard to relieve pressure within the battery and prevent explosion in the event of battery failure; and

   g. The aforementioned damage and/or tampering with the Subject Batteries made them prone to sudden, unanticipated explosion during foreseeable use.

23. Bridgers further alleges that Cloud 9 had notice of the defects before the Batteries were sold to her and that selling the Batteries to her was a breach of implied warranties.

24. Finally, Bridgers alleges that after she left Cloud 9, she placed the Batteries in the Smok mod, and the Batteries failed and exploded, causing her injuries.

25. Bridgers seeks compensatory damages with interest, punitive damages, and costs.

## II. The Evanston Commercial General Liability Policy Excludes Coverage for Products.

26. Evanston issued commercial general liability insurance policy number 2CZ5614 to C9SS for the policy period August 17, 2017 to August 17, 2018 (the "Policy"), a true and accurate copy of which is attached hereto as Exhibit B.

27. The Policy's Schedule of Limits of Insurance includes a $1,000,000 Each Occurrence limit, a $2,000,000 General Aggregate limit (other than Products/Completed Operations), and excludes Products/Completed Operations:

| LIMITS OF INSURANCE | |
|---|---|
| General Aggregate Limit (other than Products/Completed Operations) | $2,000,000 |
| Products/Completed Operations Aggregate Limit | $Excluded |
| Personal and Advertising Injury Limit | $1,000,000 Any One Person or Organization |
| Each Occurrence Limit | $1,000,000 |
| Damage to Premises Rented to You Limit | $100,000 Any One Premises |
| Medical Expense Limit | $5,000 Any One Person |

28. The Policy's Insuring Agreement provides that Evanston has no duty to defend or indemnify C9SS against any suit seeking damages for bodily injury to which the Policy does not apply:

> SECTION I - COVERAGES
>
> **COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

5

4817-1594-8972 v.1    Case 5:19-cv-00495-BO   Document 1   Filed 11/05/19   Page 5 of 10

# COUNT I
# DECLARATORY JUDGMENT
**(Evanston Has No Duty to Defend or Indemnify C9SS Because the Policy Does Not Cover Products-Completed Operations)**

29. Evanston incorporates all preceding paragraphs as if fully restated in Count I.

30. The Policy's Declarations Page expressly indicates that Products/Completed Operations is "Excluded."

31. The Policy also contains an Endorsement entitled "Exclusion—Products—Completed Operations Hazard" (Form No. CG 21 04 11 85) (the "Products exclusion").

32. The Products exclusion precludes coverage for bodily injury arising from products sold by C9SS.

33. The Products exclusion expressly provides:

> This insurance does not apply to "bodily injury" or "property damage" included within the "products—completed operations hazard".

34. The Policy defines the "products completed operations hazard," in relevant part, as follows:

> **16.** "Products-completed operations hazard":
>
> **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
>
> **(1)** Products that are still in your physical possession; or
>
> **(2)** Work that has not yet been completed or abandoned….

35. The Policy defines "your product," in relevant part, as follows:

> **21.** "Your product":
>
> **a.** Means:
>
> **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
>
> **(a)** You;

* * *

    **b.**     Includes:

        **(1)**     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        **(2)**     The providing of or failure to provide warnings or instructions.

36. The Batteries constitute "your product" as defined by the Policy because they are goods or products "sold, handled, distributed or disposed of by" C9SS.

37. The Underlying Action alleges that the Batteries were defective and that C9SS failed to provide warnings or instructions relative to the use of the Batteries.

38. The Underlying Action further alleges that Bridgers sustained injuries when the Batteries purchased from Cloud 9 exploded in her lap while she was off the premises of C9SS.

39. Evanston has no duty to defend or indemnify C9SS relative to the Underlying Action because Bridgers' injuries arise out of the Products exclusion.

**COUNT II**
**DECLARATORY JUDGMENT**
**(Evanston Has No Duty to Defend or Indemnify C9SS Because the Injuries Did Not Arise Out of the Ownership, Maintenance, or Use of Designated Premises)**

40. Evanston incorporates all preceding paragraphs as if fully restated in Count II.

41. The Policy contains an endorsement entitled "Designated Premises or Project Limitation" (Form No. MEGL 0217 05 16) (the "Premises endorsement").

42. The Premises endorsement limits coverage to bodily injury," "property damage," "personal and advertising injury" and "medical expenses" arising out of the "ownership, maintenance or use of" three specified Designated Premises.

43. The Premises endorsement expressly provides:

DESIGNATED PREMISES OR PROJECT LIMITATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

SCHEDULE

| |
|---|
| **Designated Premises:** |
| **Designated Project:** |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

1. The ownership, maintenance or use of the Designated Premises shown in the Schedule of this endorsement or in the Declarations; or

2. The Designated Project shown in the Schedule of this endorsement or in the Declarations.

44. The Policy's Declarations Page lists three premises that C9SS owns, rents or occupies: 4205 Wake Forest Road, Ste. 201, Raleigh, North Carolina, 27609; 4607 Fayetteville Road, Raleigh, North Carolina, 27603; and 12516 Capital Blvd., Ste 103, Wake Forest, North Carolina, 27587:

| Loc. No. | ALL PREMISES YOU OWN, RENT OR OCCUPY<br>ADDRESS OF ALL PREMISES YOU OWN, RENT OR OCCUPY |
|---|---|
| 1 | 4205 Wake Forest Road Ste 201  Raleigh NC 27609 |
| 2 | 4607 Fayetteville Road  Raleigh NC 27603 |
| 3 | 12516 Capital Blvd Ste 103  Wake Forest NC 27587 |

45. The Underlying Action does not allege the location where the Batteries were sold to Bridgers.

46. In addition, the Underlying Action alleges that the injuries took place in Bridgers' vehicle away from any store premises.

8

4817-1594-8972 v.1   Case 5:19-cv-00495-BO   Document 1   Filed 11/05/19   Page 8 of 10

47. Further, the Underlying Action does not allege that any injuries arose from the "ownership, maintenance or use of" any Designated Premises.

48. Evanston has no duty to defend or indemnify C9SS relative to the Underlying Action because Bridgers' injuries did not arise out of the ownership, maintenance, or use of a Designated Premises.

WHEREFORE, Evanston prays that this Court:

a. Find and declare that the injuries alleged in the Underlying Action arise out of and are excluded from coverage by the Products exclusion;

b. Find any declare that the alleged injuries in the Underlying Action did not arise out of the ownership, maintenance, or use of a Designated Premises;

c. Find and declare that Evanston has no duty to defend or indemnify C9SS in the Underlying Action; and

d. Award Evanston such other and further relief that the Court deems just and proper.

This the 5th day of November, 2019.

          EVANSTON INSURANCE COMPANY

By: /s/ Jennifer A. Welch
CRANFILL SUMNER & HARTZOG LLP
5420 Wade Park Boulevard, #300
Raleigh, NC 27607
T: (919) 828-5100
jwelch@cshlaw.com

COUNSEL TO FILE FOR PRO HAC VICE STATUS

/s/ Monica T. Sullivan
Monica T. Sullivan
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
10 South Wacker Drive, Suite 2100
Chicago, IL 60606
T: (312) 585-1400
msullivan@nicolaidesllp.com

/s/ Jodi S. Green
Jodi S. Green
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
626 Wilshire Boulevard, Suite 1000
Los Angeles, CA 90017
T: (213) 402-1248
jgreen@nicolaidesllp.com