IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:19-cv-495-BO

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **DEFAULT JUDGMENT**<br>) |
| C9SS, INC. f/k/a CLOUD 9 VAPOR,<br>LLC, and ALANNA BRIDGERS, | )<br>)<br>) |
| Defendants. | ) |

## ORDER

THIS MATTER is before the Court on Plaintiff, Evanston Insurance Company's, Motion for Default Judgment and Memorandum in support against Defendants C9SS, Inc. f/k/a Cloud 9 Vapor, LLC ("C9SS") and Alanna Bridgers ("Bridgers") (collectively "Defendants"). For the following reasons, Plaintiff's motion is granted:

The Summons and Complaint have been properly served upon Defendants. Defendants have failed to answer or otherwise respond to the Complaint within the time allowed by law. Default has been entered against Defendants, and Defendants have failed to respond to Plaintiff's Motion for Default Judgment.

THEREFORE, as provided by Rule 55(a) and (b) of the Federal Rules of Civil Procedure and Local Civil Rule 55.1, Default Judgment is entered against Defendants C9SS, Inc. f/k/a Cloud 9 Vapor, LLC and Alanna Bridgers.

## FACTUAL FINDINGS

Upon default, the well-pleaded facts in the Complaint are deemed admitted. *See DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 329 (4th Cir. 2008); *Hampshire Ins. Co. v. Royster, 5:16-CV-106-BO*, 2017 WL 1378120, at *2 (E.D.N.C. Apr. 12, 2017).

Based on the well-pleaded facts in the Complaint, the following facts are established:

1. Evanston Insurance Company issued Commercial General Liability Policy No. 2CZ5614 to Cloud 9 Vapor, LLC n/k/a C9SS, Inc. for the policy period August 17, 2017 to August 17, 2018 (the "Policy").

2. The Policy does not include a "Products/Completed Operations Aggregate Limit." (ECF 1, ¶ 27.)

3. In addition, the Policy's "Products-Completed Operations Hazard" exclusion (the "products exclusion"), precludes coverage for "bodily injury" included in the "products-completed operations hazard." (*Id.*, ¶¶ 31-35.)

4. The Policy defines the "products-completed operations hazard" to include "bodily injury" "occurring away from premises you own or rent" and arising out of "your product." "Your product" is defined to include "any goods or products ... manufactured, sold, handled, distributed or disposed of by" C9SS, as well as "[w]arranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your product'" and the "providing of or failure to provide warnings or instructions." (*Id.*, ¶¶ 34-35.)

5. Additionally, the Policy contains an endorsement entitled "Designated Premises or Project Limitation" (the "premises endorsement"). (ECF 1, ¶ 41.) The premises endorsement limits coverage to "bodily injury" ... arising out of the ownership, maintenance, or use of designated premises. (*Id.*, ¶ 42.) The endorsement identifies the designated premises as: (1) 4205 Wake

2

Forest Road, Ste. 201, Raleigh North Carolina; (2) 4607 Fayetteville Road, Raleigh, North Carolina; and 3) 12516 Capital Boulevard, Ste. 103, Wake Forest, North Carolina. (ECF 1, ¶ 44.)

6. On August 6, 2019, Bridgers filed a Complaint against Cloud 9 in the Wake County, North Carolina, Superior Court Division, captioned *Alanna Bridgers v. Cloud 9 Vapor, LLC*, case number 19-CVS-10681 (the "Bridgers Action"). (ECF 1, ¶ 9, Ex. A.)

7. In the Bridgers Action, Bridgers alleges that on February 25, 2018, she purchased two "LG HG2 batteries" (the "LG batteries") from C9SS for use in a vaping device. (*Id.*, ¶ 16.)

8. The Bridgers Action alleges that C9SS mishandled, tampered with, or damaged the LG batteries and that the LG batteries were inherently dangerous, unsafe, or defective in a number of ways. (*Id.*, ¶¶ 16-23.)

9. The Bridgers Action further alleges that on February 25, 2018, after Bridgers left the premises of C9SS, she was injured when the LG batteries failed and exploded when she attempted to use the vaping device. (*Id.*, ¶ 24.)

## CONCLUSION

WHEREFORE, the Court declares as follows:

1. As to Count I of the Complaint, Evanston Insurance Company has no duty to defend or indemnify C9SS in the Bridgers Action under the Policy because the Bridgers Action involves alleged "bodily injury" that is included within the scope of the products exclusion;

2. As to Count II of the Complaint, Evanston Insurance Company has no duty to defend or indemnify C9SS in the Bridgers Action under the Policy because the Bridgers Action involves alleged "bodily injury" that did not arise out of the ownership, maintenance or use of a "designated premises" as required by the premises endorsement; and

3

3. The Policy does not provide insurance coverage for any relief or damages sought or recovered by Alanna Bridgers in connection with the Bridgers Action.

Entered this __6__ day of __August__, 2020.

*Terrence W. Boyle*
CHIEF UNITED STATES DISTRICT COURT JUDGE